IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD HINZ

                       Plaintiff,            OPINION AND ORDER

v.

                                                                20-cv-949-wmc

KILOLO KIJAKAZI, Acting Commissioner of
Social Security.

                       Defendants.

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Todd Hinz seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act. An administrative law judge ("ALJ") reached that conclusion on May 24, 2019, after holding an evidentiary hearing by video. While Hinz raises several points, the court is persuaded that the ALJ failed at steps two and three of the traditional analysis by failing to consider Hinz's fibromyalgia. Accordingly, the court will remand for further proceedings consistent with this opinion.

UNDISPUTED FACTS

Plaintiff Todd Hinz has at least a high school education, can communicate in English, and previously worked as a hotel clerk, cashier, and salesperson. (AR 177.) Hinz was 51 years old at the time of his alleged onset date. (Id.)

On January 15, 2019, the ALJ held a hearing on Hinz's claim of disability in which he appeared by video. (AR 162.) In a written opinion issued on May 24, 2019, Administrative Law Judge ("ALJ") Kathleen Kadlec determined that Hinz was not disabled for the purposes of the Social Security Act. At step one, the ALJ found that Hinz had not

had substantial gainful activity since August 30, 2015. (AR 164.) At step two, Hinz was also found to have the following ,severe impairments: chronic myofascial pain, osteoarthritis of the knees, mild osteoarthritis of the hips, mild degenerative disc disease of the cervical spine, mild degenerative disc disease of the lumbar spine, degenerative joint disease of the left shoulder, coronary artery disease, depression, a mood disorder, and posttraumatic stress disorder. (AR 164-165.) At step three, however, the ALJ found none of these conditions nor any combination of them could meet or exceed the severity listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 165.)

Eventually at step four, therefore, the ALJ crafted a Residual Functional Capacity ("RFC") allowing for light work with the following restrictions:

> He can frequently use hand controls bilaterally. He can frequently handle, finger, and feel bilaterally. He can perform occasional overhead reaching bilaterally. He can frequently reach in [the] other direction bilaterally. He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He cannot work at unprotected heights. He can have not more than occasional exposure to moving, mechanical parts and vehicle operation. He can have no more than occasional exposure to vibrations. He is limited to simple, routine tasks; and simple work-related decisions. He can have no more than occasional interaction with co-workers and supervisors. He cannot have interaction with the public.

(AR 167.)

Finally, with the foregoing RFC, the vocational expert testified that Hinz would be able to perform a significant number of jobs within the national economy, an opinion which the ALJ accepted. (AR 177.) For this reason, the ALJ submitted a finding of "not disabled" regarding Hinz. (AR 178.)

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *Id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

As discussed, the Social Security Administration and the ALJ follow a five-step, sequential evaluation process to determine whether an individual is disabled. If the ALJ finds the claimant disabled at any step, the sequential evaluation ends. Here, the ALJ failed to adequately complete the second or third step, warranting a remand.

SSR 12-2p sets forth a means of proving a diagnosis of fibromyalgia and assessing the condition for purposes of social security. (Pl.'s Br. (dkt. #18) 7.) To begin, "[i]f the person's pain or other symptoms cause a limitation or restriction that has more than a minimal effect on the ability to perform basic work activities, [the ALJ] will find that the

person has a severe impairment(s)." SSR 12-2p III(C)(VI)(B). As the ALJ notes at step four of her own analysis, Hinz was diagnosed with fibromyalgia and remained under the care of several doctors for associated pain and symptom management. (AR 169, 171.) That alone seems to be sufficient for the ALJ to find his fibromyalgia severe. At minimum, the ALJ should have explained why she found Hinz's fibromyalgia is *not* a severe impairment given the record here. Instead, the ALJ did not note fibromyalgia *at all* during step two, as either a severe or non-severe impairment. (AR 164-165.) Having failed to acknowledge Hinz's fibromyalgia at all, the ALJ failed to complete step two, and the court must order remand on this ground alone.

Because remand is necessary, the court will nevertheless proceed to the ALJ's additional error at step three, where the ALJ decides if the claimant's impairments meet the severity of one of the listings in 20 CFR Part 404, Subpart P, Appendix 1. At this step, the ALJ again ignored Hinz's fibromyalgia diagnosis, only citing to SSR 12-2p without ever discussing its requirements or even using the word "fibromyalgia." (AR 165.) Indeed, the sum total of the ALJ's analysis is the statement that "the undersigned concludes that the claimant does not manifest clinical signs and findings that meet the specific criteria of any of the listings." (AR 165.) On this record, this explanation is clearly insufficient. Social Security caselaw on fibromyalgia determinations generally involve situations where the ALJ found fibromyalgia to be a severe impairment at step two but did not sufficiently assess whether it met or equaled a listing at step three. *E.g. Karen A. R. v. Saul*, No. 118CV02024DLPSEB, 2019 WL 3369283, at *7 (S.D. Ind. July 26, 2019) (remanding because "[t]he ALJ does not explain what medical evidence or statements led to this

4

conclusion, and does not evaluate the intensity, persistence, and limiting effects of [plaintiff]'s fibromyalgia.")  For instance, a judge in the Northern District of Illinois remanded because "[c]ontrary to SSR 12-2p's directive . . . the ALJ did not address which listing she considered for a fibromyalgia equivalency analysis or even mention fibromyalgia at Step 3."  *Molly K. v. Saul*, No. 18 C 3415, 2019 WL 3857885, at *7 (N.D. Ill. Aug. 16, 2019).  Here, too, the ALJ did not explain which listings she analyzed for equivalency, or even that she took fibromyalgia into account at all.

Given these failures at steps two and three, the court is simply unable to determine: (1) whether fibromyalgia was considered an impairment; and (2) whether it met any specific listing, putting the rest of the opinion on an unstable and unclear foundation.  The Commissioner would like the court to interpret the analysis in step four as the reasoning needed in steps two and three.  (Def.'s Opp'n. (dkt. #20) 5-6.)  While the court reads the ALJ's opinion as a whole, such a reading cannot save the ALJ's failure to even *mention* fibromyalgia at steps two and three.  Said another way, the ALJ did not build a logical bridge as to the severity of Hinz's fibromyalgia and whether it met the listing criteria; and the court will not read into the opinion an argument the ALJ wholly failed to make.  While it is true that the ALJ does not need to articulate why the claimant's fibromyalgia does not meet a listing, *Ellen B. v. Saul*, No. 19 CV 2389, 2020 WL 1912228, at *4 (N.D. Ill. Apr.

20, 2020), the ALJ had also failed to note fibromyalgia at step two, compounding the court's concerns.[1]

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that plaintiff Todd Hinz is not eligible for social security disability benefits, is REMANDED for further proceedings consistent with this Opinion.

2) The clerk of court is directed to enter judgment for plaintiff.

Entered this 12th day of January, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[1] Plaintiff addresses several arguments relating to later portions of the opinion, which are somewhat persuasive, but because the ALJ did not correctly list Hinz's impairments, the court finds it unnecessary to deconstruct the rest of the opinion, as the ALJ should not have gotten past step two without addressing fibromyalgia.